### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MORTGAGE FUNDING CORPORATION PROFIT SHARING PLAN AND MORTGAGE FUNDING CORPORATION IN ITS INDIVIDUAL CAPACITY AND AS SPONSOR AND ADMINISTRATOR FOR THE MORTGAGE FUNDING CORPORATION PROFIT SHARING PLAN**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

**FEB 1 0 2026**

ARTHUR JOHNSTON
BY _____ DEPUTY

                                                    **PLAINTIFFS**

**v.**                               CAUSE NO. 2:26-Cv-21-LG-MTP

**GRAND BANK FOR SAVINGS, FSB**                    **DEFENDANT**

### COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW, Mortgage Funding Corporation Profit Sharing Plan and Mortgage Funding Corporation, in its individual capacity and as sponsor and administrator for the Mortgage Funding Profit Sharing Plan, (collectively "Plaintiffs" or the "MFC PSP"), by and through their undersigned counsel of record, and files this Complaint against Defendant, Grand Bank for Savings, FSB ("Grand Bank" or "Defendant") and would show unto this Honorable Court as follows:

### I.    PARTIES

1.    Plaintiff, Mortgage Funding Corporation Profit Sharing Plan ("the MFC PSP" or "the Plan"), is a multiple employer profit-sharing plan created for the benefit of the employees of Mortgage Funding Corporation and Grand Bank. The Plan is governed by ERISA, 29 U.S.C. §§ 1001, *et seq.*, and has standing in this litigation pursuant to 29 U.S.C. § 1132(d)(1).

1

25594808.1

2.     Plaintiff, Mortgage Funding Corporation, in its individual capacity and as sponsor and administrator for the Plan, is a Mississippi corporation located in Hattiesburg, Mississippi and is the Sponsor, Lead Employer, and Administrator for the Plan. The Plan is a 401(k) employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2)(A), structured as a multiple employer profit-sharing plan created for the benefit of the employees of Mortgage Funding Corporation and Grand Bank. The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

3.     Defendant, Grand Bank for Savings, FSB, is a federally chartered bank and Federal Savings Association with a principal office address of 204 Westover Drive, Hattiesburg, Mississippi. Grand Bank can be served with process through any officer or agent of Grand Bank, including, but not limited to, Grand Bank's President and CEO, Chris Sawyer, who may be located at 17 Plaza Drive, Hattiesburg, Mississippi 39402. Grand Bank provided recordkeeping, custodial, accounting, and mortgage loan servicing, advisory, and/or other administrative services to the MFC PSP, and acted as a functional fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), by exercising discretionary authority or control respecting the MFC PSP management and/or the MFC PSP assets.

## II.    JURISDICTION

4.     This Honorable Court has federal question jurisdiction over this matter pursuant to 29 U.S.C. § 1331 and pendent jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Honorable Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the acts, omissions, and/or representations of Defendant giving rise to this Complaint substantially occurred, in whole or in part, within the Southern District of Mississippi.

2

6.      This Honorable Court has personal jurisdiction over Defendant because it transacts business in this District, resides or may be found here, and/or the claims arise from its conduct directed to this District.

### III.    FACTS

7.      The Plan, which became effective as of February 1, 1982, and was amended and restated as of January 1, 2022, is a multiple employer 401(k) profit-sharing plan created for the benefit of employees of Mortgage Funding Corporation and Grand Bank. According to the Basic Plan Document ("Plan Document"), including the Plan's Adoption Agreement ("Adoption Agreement"), the Plan's Participation Agreement ("Participation Agreement"), and the Mortgage Funding Corporation Profit Sharing Trust ("Trust") (collectively referred to herein as the "Plan"), Mortgage Funding Corporation is MFC PSP's Sponsor, Plan Administrator, Lead Employer, and one of the named Fiduciaries of the MFC PSP. As set forth in MFC PSP's Investment Policy, the MFC PSP focuses on high-quality investments and, more specifically, real estate mortgage loans, purchased at favorable interest rate yields and low loan-to-value, to achieve a high-quality investment strategy for Plan participants. As of 2024, the Plan included 60 individual participants and held 146 mortgages as assets.

8.      This litigation stems from the sale of Grand Bank and its assets, wherein the El Rayess Family 2018 Trust, through a series of transactions, acquired 100% of all the stock of Grand Bank.

9.      Pursuant to the Third Amendment to the Stock Purchase Agreement ("SPA"), Section 2.11(e), following the Closing of the transactions, Grand Bank was obligated to continue its participation in the MFC PSP as a Multiple Employer Plan in a manner consistent with past practice.

10.    The Plan allocates fiduciary and administrative authority among named fiduciaries and prescribes the processes by which service providers may be engaged, retained, or terminated and by which investment options and participant accounts may be changed, mapped, or transferred. Under the Plan and ERISA, fiduciary status is determined by the functions performed by a party. Accordingly, in addition to the named fiduciaries, any individual or entity that exercised discretionary authority or control over plan management or plan assets acted as a fiduciary by virtue of those actions, regardless of title or designation.

11.    The Plan is consistent with and does not conflict with the statutory requirements under ERISA.

12.    On May 25, 2022, Grand Bank entered into a Mortgage Servicing Agreement ("MSA") with the MFC PSP, wherein Grand Bank agreed to service the mortgage loans held by the Plan, subject to the terms and conditions contained therein.

13.    Grand Bank obtained access to participant-level data, the MFC PSP assets, and the MFC PSP governance processes, and also collected contributions to be deposited into the MFC PSP.

14.    Pursuant to the SPA and MSA, Grand Bank became a fiduciary with responsibilities equivalent to those of a directed trustee under the MFC PSP, which included the duty of prudence and loyalty under 29 U.S.C. §1104 (a), ERISA § 404(a). In particular, Grand Bank's responsibilities included, among other things:

    a.    Safeguarding and holding the MFC PSP assets in trust and custodial safekeeping;

    b.    Acting in accordance with the directions of the named Fiduciaries and/or the Plan Sponsor/Administrator; and

4

c.    Refraining from exercising discretionary authority or control beyond what is expressly authorized by the Plan and the directions of the named Fiduciaries.

15.    On July 22, 2022, Grand Bank executed a Participation Agreement. The Participation Agreement states that, by executing same, Grand Bank "elects to become a Participating Employer in the Plan . . ." Moreover, while the Plan provides a formal process for which a Participating Employer might exit the Plan, Grand Bank is required, pursuant to the terms of the SPA and MSA, to continue servicing the Plan. In other words, withdrawal by Grand Bank as a Participating Employer does not authorize Grand Bank to immediately and unilaterally disengage from its fiduciary and operational responsibilities.

16.    In addition, Grand Bank continues to maintain custody and control of the MFC PSP assets through accounts held at Grand Bank and has not formally resigned, been removed from, or otherwise terminated from any custodial, fiduciary, or operational role with respect to the MFC PSP. Through this ongoing custody and control and the performance of trustee-like and operational functions, Grand Bank exercises discretionary authority and control over the management and disposition of the MFC PSP assets.

17.    After entering into these agreements, Grand Bank continued for several years to be a primary recordkeeper, custodian of assets, mortgage servicer, and accounting services provider for the MFC PSP, as required by these agreements.

18.    Plaintiffs have been notified that Grand Bank intends to renege on the terms of the MSA, and Grand Bank has reneged on the terms of the SPA.

19.    Additionally, on or about October 28, 2025, Grand Bank sent a letter to Mortgage Funding Corporation explaining that it would no longer abide by the SPA and MSA. Specifically,

5

Grand Bank stated that on December 31, 2025, it would no longer be "servicing the mortgages in MFC PSP's portfolio."

20.    By breaching the SPA, and anticipatorily breaching the MSA, Grand Bank demonstrably evidenced its intent to terminate the Plan and liquidate the MFC PSP's mortgage loan portfolio. Grand Bank took this action to eliminate its obligation to service the mortgage loans held by the MFC PSP, which was for its own pecuniary gain without regard for the MFC PSP, its Fiduciaries or its participants; and, thereby, engaged in a blatant act of self-dealing, which is a clear violation of ERISA.

21.    Plaintiffs formally notified Grand Bank of their objection on or about December 27, 2025, via letter from counsel, which reminded Grand Bank of its duties and obligations as custodian and fiduciary of the MFC PSP.

22.    In this letter, Plaintiffs explained that an abrupt abandonment of custodial services by Grand Bank, particularly while it continued to retain possession and control over the MFC PSP assets, records, and operational functions, would constitute imprudent and unlawful fiduciary conduct.

23.    Grand Bank was also notified that an immediate cessation of custodial services would leave the MFC PSP without the necessary custodial safeguards, impair the Plan Administrator's ability to perform legally mandated functions, and disrupt the MFC PSP's operations. Grand Bank was specifically notified that its actions would involve a disruption to regular Plan distributions, participant account administration, payroll, recordkeeping, accounting, and tax reporting. Such disruption, Plaintiffs explained, would present a material and foreseeable risk of harm to the MFC PSP participants and beneficiaries. In other words, Plaintiffs warned

Grand Bank of the substantial damage that would occur if Grand Bank suddenly renounced its obligation to service the MFC PSP.

24.     Although Plaintiffs sought assurances from Grand Bank that it would not breach the agreements by unilaterally terminating its obligations to service the MFC PSP, Grand Bank continued to assert that it would be abandoning its contractual obligations under the MSA and its custodial fiduciary duties and obligations.

25.     Upon information and belief, by letter dated January 14, 2026, Grand Bank stated to Plan participants, including former or inactive employees with account balances in the MFC PSP, that Grand Bank would be withdrawing from the MFC PSP and ceasing to provide services to the MFC PSP. In particular, Grand Bank notified them of Grand Bank's withdrawal from the MFC PSP on December 31, 2025, and the establishment of a new 401(k) plan, effective January 1, 2026, administered by BOK Financial (the "Grand Bank Plan"). The notice stated that these participants' respective accounts were "expected to be transferred from [the MFC PSP] to the Grand Bank Plan."

26.     Leveraging their role and access, Defendant abused its discretionary authority with respect to the MFC PSP administration and the MFC PSP assets by threatening to transfer, and taking steps to transfer, accounts of not only their active employees but all the Plan participants, including former employees and retirees—each a participant in the MFC PSP —to a separate plan or arrangement under Grand Bank's management, in direct contravention of the Plan and without authorization by the MFC PSP's named Fiduciary.

27.     The threatened and attempted transfers included communications to participants, the MFC PSP's third-party administrator, and/or to the MFC PSP fiduciaries asserting that Grand

7

Bank would move participant accounts and contributions to proprietary platforms, products, funds, or vehicles controlled by Grand Bank or its affiliates.

28.    The conduct described above constituted the exercise of discretionary authority or control over the MFC PSP management and/or the MFC PSP assets, rendering Grand Bank and its relevant affiliates functional fiduciaries under 29 U.S.C. § 1002(21)(A).

29.    To the extent that Grand Bank exercised discretionary authority or control over the management or disposition of the MFC PSP assets, including by unilaterally withdrawing, transferring, or directing the transfer of the Plan assets, Grand Bank functioned as a fiduciary with respect to those actions.

30.    The conduct described above placed Grand Bank in a position of conflict, as the threatened transfers would inure to Grand Bank's financial benefit via fees, revenue sharing, float, or other compensation streams associated with bank-managed plans, platforms, or products. Additionally, Grand Bank's intent is to force a liquidation of the MFC PSP's mortgage loan portfolio in a clear attempt to eliminate its obligation to continue to service the mortgages within the portfolio at no cost to the MFC PSP.

31.    Defendant's actions contravened the Plan and failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in violation of 29 U.S.C. § 1104(a)(1).

32.    Defendant further failed to act solely in the best interest of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries in violation of 29 U.S.C. § 1104(a)(1)(A).

33.    Defendant's conduct caused the MFC PSP and its participants to be threatened with and/or suffer losses and harm, including, but not limited to, increased fees and expenses, loss of

bargained-for rights under the Plan, impaired investment options or performance, disruption of participant accounts, and the risk of loss from unauthorized transfers.

34.     Grand Bank refused to comply with the Plan Sponsor/Administrator's requests to abide by the Plan, the SPA, and the MSA. This litigation followed.

## IV.    CLAIMS

### COUNT I: DECLARATORY JUDGMENT
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), 28 U.S.C. § 1367)

35.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

36.     An actual, present, and justiciable controversy exists between Plaintiffs and Defendant concerning their respective rights, duties, and obligations under the Plan, the SPA , and the MSA.

37.     Grand Bank has asserted that it may unilaterally withdraw from the MFC PSP and that it may also cease servicing the MFC PSP's mortgage loan portfolio, and disengage from its fiduciary and operational responsibilities, notwithstanding its continuing contractual and fiduciary obligations.

38.     Pursuant to the SPA, MSA, and the Plan, Grand Bank is required to continue servicing the Plan in a manner consistent with past practice, including, but not limited to, servicing the mortgage loans that comprise the mortgage loan portfolio. Withdrawal as a Participating Employer does not authorize Grand Bank to abandon its custodial, servicing, and fiduciary responsibilities.

39.     Grand Bank's unilateral cessation of services constitutes a violation of its contractual and fiduciary obligations and poses a substantial risk of harm to all the MFC PSP participants and beneficiaries.

40.     Plaintiffs seek a declaratory judgment declaring, among other things, that:

9

    a.     Grand Bank remains contractually bound by the agreements and the Plan ;

    b.     Grand Bank may not unilaterally terminate its servicing, custodial, recordkeeping, and fiduciary responsibilities to the MFC PSP;

    c.     Grand Bank's attempted withdrawal and cessation of services constitutes a breach and/or an anticipatory breach of its obligations; and

    d.     Grand Bank must continue to perform its duties under the applicable agreements and as required by law.

41.    Plaintiffs have no adequate remedy at law absent declaratory relief.

## COUNT II: BREACH OF CONTRACT

42.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

43.    The SPA, MSA, and the Plan are valid and enforceable contracts supported by adequate consideration.

44.    Contrary to its contractual obligations, Grand Bank has announced its intent to cease servicing the MFC PSP's mortgage loan portfolio, abandoning its custodial and operational responsibilities.

45.    This conduct constitutes a material breach and/or an anticipatory and material breach of the agreements by Grand Bank.

46.    As a direct and proximate result, Plaintiffs have suffered and will continue to suffer damages, including, but not limited to, operational disruption, increased administrative costs, the unnecessary incurring of legal fees and expenses, loss of contractual benefits, and exposure to regulatory and fiduciary risk.

47.    Plaintiffs are entitled to damages, specific performance, and such other relief as the Court deems just and proper.

25594808.1

## COUNT III: BREACH OF FIDUCIARY DUTIES OF LOYALTY, PRUDENCE, AND TO FOLLOW THE PLAN
### (ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2))

48.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

49.     At all relevant times, Grand Bank acted as a fiduciary of the MFC PSP, within the meaning of ERISA § 3(21), with responsibilities equivalent to those of a directed trustee.

50.     At all relevant times, Grand Bank exercised discretionary authority or discretionary control regarding the Plan's management and exercises any authority or control regarding the management or disposition of assets or had discretionary authority or discretionary responsibility for the Plan's administration, limited to that of a directed trustee as set forth in the Plan.

51.     As a fiduciary, Grand Bank owed the MFC PSP and its participants duties of loyalty and prudence, including the duty to safeguard Plan assets, act in accordance with the directions of the named Fiduciaries and Plan Administrator, and refrain from exercising unauthorized control over the MFC PSP assets, abandoning its responsibilities, or self-dealing.

52.     Grand Bank has breached its fiduciary duties by, among other things:

    a.    Announcing its intent to unilaterally cease servicing the MFC PSP's mortgage loan portfolio;

    b.    Attempting to abandon its custodial and operational responsibilities;

    c.    Threatening and attempting unauthorized transfers of participant accounts to a Grand Bank-managed plan in contravention of the Plan and related agreements.

    d.    Placing its own financial interests above those of the MFC PSP participants; and

11

      e.      Taking actions that endanger the continued operation of the MFC PSP and the interests of the Plan participants and beneficiaries.

53.     Grand Bank's unlawful conduct has been imprudent, disloyal, and contrary to the interests of the MFC PSP and its participants.

54.     Grand Bank's unlawful conduct is expressly prohibited by ERISA and not subject to any applicable exceptions.

55.     As a direct and proximate result of Grand Bank's breach of fiduciary duty, Plaintiffs, as well as the MFC PSP and its participants, have been exposed to a substantial risk of harm and have suffered, and will continue to suffer, substantial damages.

## COUNT IV: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

56.     Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

57.     Every contract at issue in this action includes an implied covenant of good faith and fair dealing, requiring the parties to act in a manner that does not deprive the other party of the benefit of the bargain.

58.     Grand Bank breached the covenant of good faith and fair dealing by acting in bad faith to frustrate the essential purpose of the agreements, including by attempting to force termination of the Plan and the liquidation of its mortgage loan portfolio through a unilateral abandonment of its contractual obligations. Such conduct is egregious and rises to the level of an independent tort.

59.     As a direct and proximate result of Grand Bank's breach of the covenant of good faith and fair dealing, Plaintiffs, as well as the MFC PSP and its participants, have been exposed to a substantial risk of harm and have suffered, and will continue to suffer, substantial damages.

## COUNT V: EQUITABLE AND INJUNCTIVE RELIEF
## (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)) AND BOTH A PRELIMINARY AND PERMANENT INJUNCTION ENJOINING GRAND BANK FROM DISCONTINUING ITS SERVICING OF THE PLAN'S MORTGAGE LOAN PORTFOLIO

60.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

61.    Consistent with ERISA's purpose to protect contractually defined benefits, the MFC PSP and controlling agreements prevent Grand Bank from unilaterally transferring both current employees and former employees or vested retirees from the MFC PSP upon Grand Bank's termination or withdrawal to transition them under Grand Bank to the newly established Grand Bank Plan.

62.    The Plan and the MFC PSP comply with ERISA.

63.    Grand Bank's threatened or completed actions threaten to override the explicit terms of the MFC PSP.

64.    Under the MFC PSP, only an Affiliated Employer that revokes participation in the MFC PSP may unilaterally require the transfer of assets allocable to participants of the employer. In this involuntary termination scenario, Article XIV of the Plan controls and limits Grand Bank's right to take Employees, defined as those actively employed, to the Grand Bank Plan.

65.    In addition to, and in the alternative to relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), Plaintiffs seek appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to redress violations and enforce the terms of the MFC PSP and ERISA, including, but not limited to:

       a.    A declaration that the threatened and/or attempted transfers are void and contrary to the MFC PSP;

       b.    A permanent injunction prohibiting Defendant from transferring or mapping participant accounts or assets to any Grand Bank-managed plan,

platform, or product absent compliance with the MFC PSP documents and ERISA; and

    c.    Restitution, surcharge, disgorgement, constructive trust, and an accounting.

66.    Additionally, and with respect to the MSA, Plaintiffs seek both preliminary and permanent injunctions that would prohibit Grand Bank from discontinuing its servicing of the Plan's mortgage loan portfolio as required by law and the MSA. Plaintiffs will seek the relief set forth in this paragraph by separate motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Mortgage Funding Corporation Profit Sharing Plan and Mortgage Funding Corporation, in its individual capacity and as sponsor and administrator for the Mortgage Funding Corporation Profit Sharing Plan, pray for the following relief:

A.    Enter judgment in favor of Plaintiffs on all counts;

B.    Declare that Defendant breached fiduciary duties under ERISA § 404, 29 U.S.C. § 1104;

C.    Declare void and enjoining any threatened or attempted transfer or mapping participant accounts or the MFC PSP assets to any bank-managed plan, platform, or product not authorized under the Plan and ERISA;

D.    Order Defendant to make good to the MFC PSP all losses resulting from their breaches, and to restore any profits made through use of the Plan's assets, including any legal fees incurred by Plaintiffs;

E.    Order surcharge, equitable restitution, disgorgement of fees and other compensation, and impose a constructive trust on any ill-gotten gains;

F.    Award Plaintiffs reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g), together with pre- and post-judgment interest;

G.    Award Plaintiffs compensatory damages and punitive damages; and

H.    Grant such other and further legal or equitable relief as the Court deems just and proper.

25594808.1

Respectfully submitted, this 10th day of February 2026.

**MORTGAGE FUNDING CORPORATION PROFIT SHARING PLAN AND MORTGAGE FUNDING CORPORATION, IN ITS INDIVIDUAL CAPACITY AND AS SPONSOR AND ADMINISTRATOR FOR THE MORTGAGE FUNDING CORPORATION PROFIT SHARING PLAN**

BY:     BALCH & BINGHAM LLP

BY:     _____
        Of Counsel

K.C. Hightower (MSB# 101246)
Melanie B. Mitchell (MSB# 106319)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
kchightower@balch.com
mbmitchell@balch.com

15

25594808.1