**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **MORTGAGE FUNDING CORPORATION PROFIT SHARING PLAN and MORTGAGE FUNDING CORPORATION in its individual capacity and as sponsor and administrator for the Mortgage Funding Corporation Profit Sharing Plan** | **PLAINTIFFS** |
| **v.** | **CAUSE NO. 2:26cv21-LG-MTP** |
| **GRAND BANK FOR SAVINGS, FSB** | **DEFENDANT** |

**ORDER REQUIRING THE PARTIES TO PROVIDE SUPPLEMENTAL BRIEFS CONCERNING SUBJECT MATTER JURISDICTION**

Plaintiff Mortgage Funding Corporation Profit Sharing Plan ("the Plan") is a "multiple employer profit-sharing plan created for the benefit of the employees of" Plaintiff Mortgage Funding Corporation ("MFC") and Defendant Grand Bank for Savings, FSB ("Grand Bank"). Compl. [1] at 1. Plaintiffs filed this lawsuit claiming that Grand Bank intends to withdraw its participation in the Plan. They further claim that Grand Bank intends "to abandon its custodial, servicing, and fiduciary responsibilities," which were imposed by a Stock Purchase Agreement, a Mortgage Servicing Agreement, and the Plan. *Id.* at 9.

Grand Bank has filed a [9] Motion to Dismiss and a [16] Motion for Leave to File Notice of Subsequent Development, which have been fully briefed by the parties. The "subsequent development" referred to by Grand Bank is a Notice of Involuntary Termination that Plaintiffs mailed to Grand Bank by MFC on March

31, 2026. The Notice states that MFC, "in its capacity as the Lead Employer and Plan Sponsor of [the Plan], is exercising its authority under Section 14.11 of the Plan to effect [sic] an involuntary termination of Grand Bank . . . as participating employer in the Plan, effective April 30, 2026." Notice [16-2] at 2. The Notice further provides:

> In accordance with the prescribed procedures under Section 14.12 of the Plan, the Lead Employer will establish a new defined contribution plan in the Bank's name, using the provisions of the Plan, together with any modifications contained in Bank's participation agreement, as a guide for the new plan. The Lead Employer will direct the Trustee to transfer, in accordance with 26 U.S.C. § 414 and Section 8.3 of the Plan, the accounts of the Bank's employees to the spin-off plan.

*Id.* at 3.

In its Reply filed in support of its [16] Motion for Leave to File Notice of Subsequent Developments, Grand Bank asserts, "Apprising the Court of post-briefing developments **bearing on justiciability, mootness, ripeness, and the scope of available relief** is a routine and appropriate use of a notice of subsequent developments." Def.'s Reply [19] at 2 (emphasis added).[1] However, Grand Bank does not elaborate on its apparent assertion that MFC's [16-2] Notice may have divested this Court of subject matter jurisdiction. The parties also made references to standing and ripeness while briefing Grand Bank's Motion to Dismiss. *See* Def.'s Mem. [10] at 11 n.4; Pls.' Mem. [14] at 3, 5, 9, 12; Def.'s Reply [15] at 8–

---

[1] The term "justiciability" refers to the doctrines of standing and/or ripeness. *See Renne v. Geary*, 501 U.S. 312, 320 (1991); *Prestage Farms, Inc. v. Bd. of Sup'rs of Noxubee Cnty.*, 205 F.3d 265, 268 n.7 (5th Cir. 2000) (citation modified) ("The justiciability doctrines of ripeness and standing often intersect because the question of whether a plaintiff has suffered an adequate harm is integral to both.")

10.

Article III of the Constitution restricts federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. The doctrines of standing, mootness, and ripeness stem from this limitation. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019) (per curiam); *see also Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("[E]ven if the parties fail to spot a jurisdictional issue or agree that the court has jurisdiction, the court cannot proceed unless it makes an independent determination that it has jurisdiction.").

The party seeking to invoke federal jurisdiction has the burden of demonstrating that the court has subject matter jurisdiction. *Morris v. United States*, 176 F.4th 355, 359 (5th Cir. 2026); *see also El Paso County v. Trump*, 982 F.3d 332, 338 (5th Cir. 2020) (citation modified) ("Standing is not dispensed in gross, but rather, plaintiffs must demonstrate standing for each claim that they press against each defendant, and for each form of relief that they seek."). Here, Plaintiffs have the burden of establishing jurisdiction for each of their claims because they invoked this Court's federal jurisdiction by filing their Complaint with this Court.

Since Grand Bank made conclusory arguments related to justiciability and mootness, it must file a supplemental brief explaining the basis for its arguments by no later than November 6, 2026. Plaintiffs, who have the burden of proof, shall file

a supplemental brief in response to Grand Bank's arguments no later than November 16, 2026. The parties should fully address all potential jurisdictional issues related to each claim, so that the Court can appropriately evaluate its jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Grand Bank's [9] Motion to Dismiss and [16] Motion for Leave to File Notice of Subsequent Developments are **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Grand Bank must file a supplemental brief concerning the Court's jurisdiction by no later than **NOVEMBER 6, 2026**, and Plaintiffs must file a supplemental brief no later than **NOVEMBER 16, 2026**.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE